959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Casper WYATT, Jr., Defendant-Appellant.
 No. 91-5952.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a jury trial, the defendant, Casper Wyatt, Jr., was found guilty of possession of marijuana, possession of a sawed-off shotgun, and being a felon in possession of a firearm. On appeal, Wyatt argues that the evidence was insufficient to support his convictions. He also argues that the court erred in not giving him credit for the time he spent in state custody as a parole violator following his federal indictment.
 
 
 2
 Upon review, we conclude that the evidence was sufficient to support the convictions and that the trial judge did not err in failing to give Wyatt credit on his federal sentence for the time spent in state custody.
 
 I.
 
 3
 On July 12, 1990, officers of the Powell County Sheriff's Department executed a search warrant at a trailer rented and occupied by the defendant and his wife. In the course of the search, the officers found 37 marijuana plants and a sawed-off shotgun. There is no dispute that Wyatt had a prior felony record.
 
 
 4
 The evidence relied upon by the government at trial, in addition to Wyatt's ostensible possession of the marijuana and the shotgun, was primarily circumstantial. The marijuana plants were being watered and cultivated, and grow lights were present in the bathroom. Defendant's wife pulled out and tried to hide several of the growing plants when the officers arrived to execute the warrant. Although defendant had moved into the trailer only recently, none of the persons who helped him move in remembered any marijuana plants being present. Other marijuana paraphernalia was present including roach clips and rolling papers.
 
 
 5
 In defense of the marijuana charge, Wyatt testified that the marijuana was present when he moved in and that he had told the former trailer owner to get rid of it. Wyatt's sister-in-law, Keisha Booth, testified for the defense, and said she heard Wyatt tell the former owner, Claudie Booth, "that he would have to get the bulldogs and the plants and his stuff out off the hill, you know, before he brought Patty and the kids up there." However, Ms. Booth was one of the persons who helped the defendant move in, and she said she saw no marijuana or drug paraphernalia in the trailer at that time.
 
 
 6
 The defendant also emphasized that the former owner had kept two pit bulls at the trailer, suggesting the inference that they were there to guard the marijuana. The former owner, Claudie Booth, also was suspected by the police of selling marijuana from the trailer.
 
 
 7
 Although there is no doubt that Wyatt presented the jury with a version of the facts that could have resulted in his acquittal, there also was sufficient evidence from which a reasonable jury could conclude that Wyatt was guilty. In this regard, it is important to note that, although Wyatt was charged with the more serious offense of manufacturing marijuana, the jury found him guilty only of the lesser included offense of simple possession. It is clear that, even if the jury felt that the evidence was conflicting as to who was responsible for growing the marijuana initially, there was ample evidence, viewed in the light most favorable to the prosecution, to support a conviction for simple possession.
 
 II.
 
 8
 As to the firearm counts, Wyatt's primary defense was that the sawed-off shotgun belonged to his wife who had it for personal protection. However, no one else supported this version of the facts.[1] Additionally, there was evidence to the contrary. Most damaging was the testimony of Tony Booth, who testified that he came to the trailer after Wyatt moved in and that Wyatt ran him off the premises with the shotgun. Although Booth was something less than a neutral observer, his credibility was an issue for the jury.
 
 
 9
 Wyatt also admitted at trial that he had handled the shotgun and that he had told investigating officers prior to trial that he possessed the shotgun. He later recanted by saying that he said this just to protect his wife, who was the actual owner. Once again, although the jury was presented with two versions from which to choose, evidence sufficient to sustain the convictions supported their choice to believe that Wyatt was in possession of the shotgun.
 
 III.
 
 10
 At the time of Wyatt's arrest on these federal charges, he was on parole from a state conviction. Subsequent to indictment, and presumably because of the indictment, the defendant's parole was revoked and he was returned to state custody. However, prior to sentencing, he was released from state custody. At sentencing, Wyatt argued that he should receive four months' credit against his federal sentence for the time he spent in state custody.[2] Title 18 U.S.C. § 3585(b) provides:
 
 
 11
 (a) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 12
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 13
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 14
 that has not been credited against another sentence.
 
 
 15
 Assuming that Wyatt's state custody was "as a result of the offense for which sentence was imposed," it is undisputed that he was credited with the time served against his state sentence. Although a pre-sentence custodial detention by a state court may be credited against a federal sentence, such credit may not be awarded if the time served was credited against the state sentence.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Wyatt's wife did not testify at the trial. Although it is understandable why she did not testify, since she was under indictment herself and facing a separate trial, the fact remains that her failure to corroborate her husband's testimony did not help Wyatt's case
 
 
 [2]
 The district judge ordered the defendant's federal sentence to run concurrently, and sentenced him to the minimum within the applicable guideline range